

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

July 16, 1947

Hon. Bert Ford, Administrator
Texas Liquor Control Board
P. O. Box 56
Austin 1, Texas

Opinion No. V-305

Re: Signs and slo-
gans appearing
on trucks en-
gaged in the de-
livery of alco-
holic beverages.

Dear Mr. Ford:

You have requested an opinion as to whether or not certain printed matter appearing on trucks engaged in the delivery of beer and liquor are violative of Article 667-24a, of Vernon's Penal Code. Your letter is as follows:

"Next to the last sentence in Section 3, 4 (h), Article II, page 51 of the printed Act reads as follows:

'The sale and delivery of beer from a truck of a licensed Manufacturer or Distributor to a licensed retail dealer at the latter's place of business shall not constitute such truck to be a separate place of business.'

"The first sentence of Section 24-A. 1, Article II, page 67 of the printed Act reads as follows:

'Definitions. Outdoor Advertising. The term "outdoor advertising" as used herein shall mean any sign bearing any words, marks, description or other device and used to advertise the alcoholic beverage business of any person engaged in the manufacture, sale or distribution of alcoholic beverages, or in the advertisement of any beverage containing

alcohol in excess of one-half of
one ($\frac{1}{2}$ of 1%) per cent by volume,
when such sign is displayed any-
where outside the wall or enclos-
ure of any building or structure
where there exists a license or
permit to sell alcoholic bever-
ages.'

"Numerous Wholesalers, Class B Whole-
salers, Manufacturers, Beer Distributors
and others, who make deliveries by trucks
have various and in some instances numer-
ous words printed on the bodies of said
trucks.

"I quote below several illustrations
as to what is printed on the bodies of the
various trucks.

1. 'Grand Prize Distribut-
ing Company,' which is evidently
a trade name. In addition to the
above words is the verbiage 'Grand
Prize Beer.'

2. 'Capitol Beer Company,'
which is evidently a trade name.
In other places on the truck is
the verbiage 'The Beer That Made
Milwaukee Famous.' There is also
the Schlitz trade-mark, which is
a globe.

3. 'Capitol Beer Company,'
which is evidently a trade name.
In other places on the truck the
following verbiage is to be found,
'Lone Star Beer,' 'Double Aged,
Double Mellow' with a large 'de-
cal.' label on the back of the
truck similar to the label used
on the bottled beer, with a bot-
tle pictured on either side.

4. 'George Mezzetti Dis-
tributing Company,' which is evi-
dently a trade name. In other
places on the truck is the verb-
iage 'Southern Select Beer,'
'First Trial, Muehlebach Pilsener
Beer.'

5. 'Browning Distributing Company,' which is evidently a trade name, followed by 'Austin, Texas, Phone No. 8-4264.' The other verbiage is 'Budweiser' and the Eagle trade-mark with a big 'A' on it.

6. 'G. Hanseler Distributing Company,' which is evidently a trade name. On other parts of the truck is the verbiage 'Bottle of Pearl, Please,' 'Pure Sunlight,' 'Another Load of Pearl.'

7. 'George Mezzetti Distributing Company,' which is evidently a trade name. On other parts of the truck is the verbiage 'Red Top Ale.'

8. 'John Jones Company,' which is a trade name. On other parts of the truck is the verbiage 'Three Feathers Whiskey.'

9. 'Roma Wine Company,' which is a trade name. On other parts of the truck is the verbiage 'Roma Wines.'

"Please give me your valued opinion as to whether or not the verbiage quoted above in each instances or any part of the same violates the provisions of said Section 24-A 1 above mentioned."

By Section 5 of Article 667-24a, V. P. C., the Legislature has stated:

"Declaration of Policy. It is hereby declared that the excessive or indiscriminate display of outdoor advertising for alcoholic beverages, and the display of such advertising at retail establishments, is detrimental to the public interest, and the use of billboards or electric signs of smaller surface than therein authorized encourages the excessive and indiscriminate

use of outdoor advertising, and should be prohibited by law." (Emphasis supplied).

The fourth paragraph of Section 4 of the Article provides:

"It shall be unlawful for any person to erect, maintain or display any outdoor advertising, billboard, or electric sign not conforming in all respects to the provisions of this Act; and any billboard or electric sign displayed contrary thereto is hereby declared illegal equipment and subject to seizure and forfeiture as provided for such action in respect to illicit beverages and other illegal equipment under the provisions of this Act." (Emphasis supplied).

Section 2 of the same Article provides:

"All outdoor advertising as herein defined is hereby prohibited within the State of Texas except as herein expressly provided:

" . . ."

Section 1 of the same Article provides:

"Definitions. Outdoor Advertising. The term 'outdoor advertising' as used herein shall mean any sign bearing any words, marks, description or other device and used to advertise the alcoholic beverage business of any person engaged in the manufacture, sale, or distribution of alcoholic beverages, or in the advertisement of any beverage containing alcohol in excess of one-half of one ($\frac{1}{2}$ of 1%) per cent by volume, when such sign is displayed anywhere outside the walls or enclosure of any building or structure where there exists a license or permit to sell alcoholic beverages. The term 'outdoor advertising' shall not be inclusive of any advertising appearing in a newspaper, magazine, or other literary publication published periodically. Any such sign erected

inside a building and within five (5)
feet of any exterior wall of such build-
ing facing a street or highway and so
placed that it may be observed by a per-
son of ordinary vision from outside the
building, shall be deemed outdoor adver-
tising. For the purposes of this Sec-
tion the word 'sign' shall not include
any identifying label affixed to any
container as authorized by law. (Em-
phasis supplied).

" , . ."

Article 667-24a obviously prohibits general-
ly the use of any sign advertising alcoholic beverages
except as otherwise provided or allowed by that Article.
We construe the words "outside the walls or enclosure of
any building or structure" to mean anywhere except in-
side such building or structure. All of the illustra-
tions described by you appear to be within the terms of
Section 1 of the Article defining "outdoor advertising"
as meaning "any sign bearing any words,marks, descrip-
tion or other device and used to advertise the alcoholic
beverage business of any person engaged in the manufact-
ure, sale, or distribution of alcoholic beverages . . .
when such sign is displayed anywhere outside the walls
or enclosure of any building or structure where there
exists a license or permit to sell alcoholic beverages".
The described use is therefore prohibited unless other-
wise provided or allowed by the Article.

The only permissible use of signs and adver-
tisements on delivery trucks would be under the provis-
ions of Subsection (e) of Section 2 of the Article which
provides:

"The Board shall have the power and
authority and it is hereby made its duty
to adopt rules and regulations authoriz-
ing such use of business cards, menu cards,
stationery, and service equipment or de-
livery equipment bearing advertisement of
alcoholic beverages as the Board may find
not to be in conflict with the purposes
of this Act." (Emphasis supplied).

You are therefore advised that unless such ad-
vertising on trucks is authorized by rules and regula-
tions adopted by the Board pursuant to Subsection (e) of

Section 2 of the Article, the display of such material on such trucks is prohibited.

## SUMMARY

The display of a sign advertising the alcoholic beverage business of a person engaged in the manufacture, sale, or distribution of alcoholic beverages on delivery trucks is prohibited by Article 667-24a, V. P. C., unless authorized by rules and regulations adopted by the Liquor Control Board under Subsection (e) of Section 2 of that Article.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ned McDaniel
Assistant

NMc/jmc

APPROVED:

ATTORNEY GENERAL.